**UNITED STATES COURT OF INTERNATIONAL TRADE**

THE UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY, ALLIED
INDUSTRIAL AND SERVICE WORKERS
INTERNATIONAL UNION, AFL-CIO, CLC,

       Plaintiff,

           v.

UNITED STATES,

       Defendant.

Court No. 17-00078

**COMPLAINT**

Pursuant to Rules 3(a)(2), 5, 7(a), 8, 10, and 11 of the Rules of the United States Court of

International Trade, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied

Industrial and Service Workers International Union, AFL-CIO, CLC (hereinafter "USW")

alleges the following for its Complaint against the United States, Defendant:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. This civil action is a challenge seeking judicial review of the U.S. International Trade

   Commission's final negative determination in the investigation of truck and bus tires from

   China, Inv. Nos. 701-TA-556 and 731-TA-1311. *See Truck and Bus Tires From China*, 82

   Fed. Reg. 14,232 (Int'l Trade Comm'n Mar. 17, 2017) (final determination).  The

   Commission's Final Determination was accompanied by the Views of the Commission,

   joined by three Commissioners (Vice Chairman Johanson, Commissioner Broadbent, and

   Commissioner Kieff) who determined that the domestic industry was neither materially

   injured nor threatened with material injury, and the Dissenting Views of Chairman

1

Schmidtlein and Commissioner Williamson, who determined that the domestic industry was materially injured by reason of truck and bus tire imports from China. The Commission's Final Determination was also accompanied by a Staff Report to the Commission. The Views, Dissenting Views, and Staff Report are contained in USITC Publication 4673 (Mar. 2017), entitled *Truck and Bus Tires From China*, Inv. Nos. 701-TA-556 and 731-TA-1311 (Final).

## JURISDICTION

2. This action arises and is brought under sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(ii) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(ii). 28 U.S.C. § 1581(c) provides this Court with exclusive jurisdiction of actions brought under those provisions.

## STANDING OF PLAINTIFF

3. The USW represents workers engaged in domestic production of truck and bus tires, was the petitioner in the administrative proceeding, was a party to the investigation that is the subject of this complaint, and participated fully in that investigation. The USW is thus an "interested party" in the investigation within the meaning of sections 771(9)(D) and 516A(f)(3) of the Tariff Act, *supra*, 19 U.S.C. §§ 1677(9)(D) and 1516a(f)(3), as well as 28 U.S.C. § 2631(k)(1). Accordingly, the USW has standing to bring this action pursuant to section 516A(d) of the Tariff Act, *supra*, 19 U.S.C. § 1516a(d), and under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. On March 17, 2017, the Commission published in the *Federal Register* its final negative determination on truck and bus tires from China. *See* 82 Fed. Reg. 14,232. In accordance

2

with section 516A(a)(2)(A)(i)(I) of the Tariff Act, *supra*, 19 U.S.C. § 1516a(a)(2)(A)(i)(I), the USW filed a timely summons on April 14, 2017, within thirty days after the determination was published in the *Federal Register*. Consistent with the second Practice Comment to Rule 3 of the Rules of the United States Court of International Trade, which encourages counsel to commence any action described by section 516A(a)(2) or (3) of the Tariff Act and 28 U.S.C. § 1581(c) by the concurrent filing of a summons and complaint to expedite the prosecution of the action, the instant complaint is being filed simultaneously with the summons on April 14, 2017, within thirty days from the filing of the summons by Plaintiff. Plaintiff intends to request an expedited briefing schedule in this matter in order to obtain a prompt resolution of this case.

## STATEMENT OF FACTS

5. On January 29, 2016, the USW filed antidumping and countervailing duty petitions with the Department of Commerce and the Commission, alleging in part that the domestic truck and bus tire industry was materially injured or threatened with material injury by truck and bus tires exported from China ("subject merchandise").

6. On February 4, 2016, the Commission published its notice of institution of antidumping and countervailing duty investigations and scheduling of the preliminary phase investigations. *Truck and Bus Tires From China*, 81 Fed. Reg. 6042 (Int'l Trade Comm'n Feb. 4, 2016) (institution of investigations and scheduling of preliminary phase investigations).

7. On March 18, 2016, the Commission published its preliminary determination, finding that "there is a reasonable indication that an industry in the United States is materially injured or threatened with material injury by reason of imports of truck and bus tires from China."

3

*Truck and Bus Tires From China*, 81 Fed. Reg. 14,888 (Int'l Trade Comm'n Mar. 18, 2016). Three Commissioners voted affirmatively for present material injury (Vice Chairman Pinkert, Commissioner Williamson, and Commissioner Schmidtlein), one Commissioner voted affirmatively for threat of material injury (Commissioner Johanson), and two Commissioners voted in the negative, finding no reasonable indication of material injury or threat of material injury (Chairman Broadbent and Commissioner Kieff).

8. On September 6, 2016, the Commission commenced the final phase of these investigations. *See Truck and Bus Tires From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations,* 81 Fed. Reg. 63,494 (Int't Trade Comm'n Sept. 15, 2016).

9. On January 19, 2017, Commerce announced that it had reached an affirmative antidumping determination and an affirmative countervailing duty determination.  Commerce published its antidumping and countervailing duty determinations in the *Federal Register* on January 27, 2017.  *See Truck and Bus Tires From the People's Republic of China: Final Affirmative Determinations of Sales at Less Than Fair Value and Critical Circumstances*, 82 Fed. Reg. 8,599 (Dep't Commerce Jan. 27, 2017) and *Truck and Bus Tires From the People's Republic of China: Final Affirmative Countervailing Duty Determination, Final Affirmative Critical Circumstances Determination, in Part*, 82 Fed. Reg. 8,606 (Dep't Commerce Jan. 27, 2017).

10. On February 22, 2017, the Commission voted 3 to 2 that the U.S. truck and bus tire industry was neither materially injured nor threatened with material injury by reason of imports from China.  The final ITC determinations were published in the *Federal Register* on March 17, 2017.  *See Truck and Bus Tires From China*, 82 Fed. Reg. 51 (Int'l Trade Comm'n Mar. 17, 2017).  The Views and Dissenting Views of the Commission are set forth in *Truck and Bus*

*Tires From China*, Inv. Nos. 701-TA-556 and 731-TA-1311 (Final), USITC Pub. 4673 (Mar. 2017).

11. In the Views, the majority (Vice Chairman Johanson, Commissioner Broadbent, and Commissioner Kieff) determined that the domestic industry was neither materially injured nor threatened with material injury by subject imports.  In the dissenting views, Chairman Schmidtlein and Commissioner Williamson determined that the domestic industry was materially injured by subject imports.  Commissioner Pinkert did not participate in the final phase of these investigations.

## STATEMENT OF CLAIMS

### COUNT ONE

12. Paragraphs 1 through 11 are hereby re-alleged and incorporated by reference.

13. The Commission majority made several findings regarding the conditions of competition in the U.S. truck and bus tire market, including findings with respect to branding, tiers in the market, the importance of certain product characteristics, and purchasing factors.

14. In making its findings regarding the conditions of competition, the Commission majority did not address, or otherwise ignored, evidence that contradicted its conclusions.

15.  The Commission majority's conditions of competition findings are unsupported by substantial evidence and are otherwise not in accordance with the law.

### COUNT TWO

16. Paragraphs 1 through 15 are hereby re-alleged and incorporated by reference.

17. The Commission majority found subject imports did not cause significant adverse price effects despite "pervasive" underselling by subject imports, due to certain factors the Commission determined had mitigated such underselling.

18. The Commission majority also found that there was no price suppression or price depression by subject imports.

19. In making its findings regarding adverse price effects, the Commission majority did not address, or otherwise ignored, evidence that contradicted its conclusions.

20. The Commission majority also relied in part on its negative findings regarding price depression and suppression in order to support its determination that underselling was not significant, contrary to law.

21. The Commission majority's determination that subject imports did not cause significant adverse price effects is unsupported by substantial evidence and is otherwise not in accordance with the law.

<u>**COUNT THREE**</u>

22. Paragraphs 1 through 21 are hereby re-alleged and incorporated by reference.

23. The Commission majority found that subject imports did not have a significant impact on the domestic industry, based on a number of conclusions, including findings regarding the impact of subject imports on prices, trends in the domestic industry's operations and performance, and the production capacity of the domestic industry.

24. In making its findings regarding material injury, the Commission majority did not address, or otherwise ignored, evidence that contradicted its conclusions.

25. In addition, the Commission failed to adequately explain how its conclusions regarding the operations and performance of the domestic industry complied with the statutory prohibition on reaching a negative material injury determination merely because the domestic industry is profitable or because the performance of that industry has recently improved.  *See* Section 771(7)(J) of the Tariff Act, *supra*, 19 U.S.C. § 1677(7)(J).

26. The Commission majority's determination that the domestic industry was not materially injured by subject imports is unsupported by substantial evidence and is otherwise not in accordance with the law.

## COUNT FOUR

27. Paragraphs 1 through 26 are hereby re-alleged and incorporated by reference.

28. The Commission majority found that the domestic industry was not threatened with material injury by reason of subject imports, relying heavily on its negative present material injury findings.

29. In making its findings regarding the threat of material injury, the Commission majority did not address, or otherwise ignored, evidence that contradicted its conclusions.

30. The Commission majority's determination that the domestic industry was not threatened with material injury by subject imports is unsupported by substantial evidence and is otherwise not in accordance with the law.

## PRAYER FOR RELIEF AND JUDGMENT

**WHEREFORE**, Plaintiff, the USW, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff, hold that the Commission's Final Determination is unsupported by substantial evidence and otherwise not in accordance with law, and remand the

7

Final Determination with instructions to issue a new determination that is consistent with the Court's decision.  The USW further requests that the Court provide such other relief as is just and proper.  As noted above, the USW intends to request expedited briefing in this matter in order to obtain a prompt resolution of this case.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Elizabeth J. Drake
Terence P. Stewart
Elizabeth J. Drake
Philip. A Butler

STEWART AND STEWART
2100 M Street, N.W.
Washington, D.C.  20037
general@stewartlaw.com
Tel.:  (202) 785-4185

</div>

Dated:  April 14, 2017                    *Counsel to the USW*